Filed 6/10/15  P. v. Collins CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061964 |
| v. | (Super.Ct.No. FSB043611) |
| LARRY KAMAL COLLINS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Larry Kamal Collins appeals after the trial court denied his petition for resentencing under Penal Code[1] section 1170.126, known as the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)). Defendant filed notice of appeal on September 23, 2014. We affirm.

PROCEDURAL BACKGROUND

Defendant was charged by amended information with two felony counts of criminal threats (§ 422, counts 1-2), and two misdemeanor counts of making annoying telephone calls (§ 653m, subd. (a), counts 3-4). It was also alleged that defendant had two prior strike convictions (§§ 1170.12, subdS. (a)-(d), 667, subds. (b)-(i)) and two prior serious felony convictions (§ 667, subd. (a)(1)). A jury found defendant guilty of one count of attempted criminal threats, a lesser included offense of count 2 (§§ 664/422) and one count of making annoying telephone calls (§ 653m, subd. (a), count 4). Defendant admitted the two prior strike convictions and the prior serious felony convictions.

At the sentencing hearing on July 9, 2007, defendant brought a motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and a motion to reduce the conviction on count 2 to a misdemeanor. The court denied both motions. The court then sentenced defendant to a total of term of 35 years to life, with credit for time served. The sentence consisted of 25 years to life on the attempted criminal threats conviction, plus five years on each of the two prior serious felony enhancements. The court sentenced

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

defendant to serve a concurrent 365 days in county jail on count 4, with credit for time served of 365 days.

On May 28, 2014, defendant filed a petition for resentencing under section 1170.126. The court denied the petition since defendant's current conviction for attempted criminal threats (§§ 664/422) was a serious felony, which made him ineligible for resentencing. (§ 1170.126, subd. (e)(1).)

On September 23, 2014, defendant filed a notice of appeal. We affirm.

ANALYSIS

This court appointed counsel to represent defendant on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a brief statement of the facts, and identifying the following potential arguable issue: whether the court properly determined that defendant was ineligible for resentencing under the Three Strikes Reform Act.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST       
J.

We concur:

RAMIREZ
       P. J.

CODRINGTON
       J.